UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL THOMAS GEREN JONES,<br><br>Defendant. | District Case No. 2:10-CR-00180-EJL<br><br>**JURY INSTRUCTIONS** |

DATED: **July 25, 2012**

Honorable Edward J. Lodge
U. S. District Judge

### INSTRUCTION NO. ____1____

Jurors:  You now are the jury in this case, and the Court wants to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial the Court will give you more detailed instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as the Court gives it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything the Court may say or do during the trial as indicating what the Court thinks of the evidence or what your verdict should be—that is entirely up to you.

**INSTRUCTION NO. 2**

This is a criminal case brought by the United States government. The government charges the defendant with one count of interstate transportation in aid of racketeering enterprises and twenty-one counts of wire fraud. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pled not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt as to each count. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

In order to help you follow the evidence, the Court will now give you a brief summary of the elements of the charges which the government must prove to make its case:

The defendant is charged in Count 1 of the indictment with interstate transportation in aid of racketeering enterprises in violation of Section 1952(a)(1) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant used wires in interstate commerce with the intent to promote or carry on wire fraud; and

Second, after doing so the defendant performed an act to distribute the proceeds of the unlawful activity.

The defendant is charged in Counts 2 through 22 of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each count of wire fraud:

First, the defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, the wires to carry out or attempt to carry out an essential part of the scheme.

## INSTRUCTION NO. ___3___

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

**INSTRUCTION NO. 4**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

**INSTRUCTION NO.** _____5_____

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits which are received into evidence; and

(3)    any facts to which the parties agree.

## INSTRUCTION NO. _6_

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1. statements and arguments of the attorneys;

2. questions and objections of the attorneys;

3. testimony that the Court instructs you to disregard; and

4. anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**INSTRUCTION NO.** ___7___

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. ___8___

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If the Court overrules the objection, the question may be answered or the exhibit received.  If the Court sustains the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever the Court sustains an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes the Court may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that the Court told you to disregard.

INSTRUCTION NO. _____9_____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the witness' opportunity and ability to see or hear or know the things testified to;

(2)   the witness' memory;

(3)   the witness' manner while testifying;

(4)   the witness' interest in the outcome of the case, if any;

(5)   the witness' bias or prejudice, if any;

(6)   whether other evidence contradicted the witness' testimony;

(7)   the reasonableness of the witness' testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## INSTRUCTION NO. _10_

The Court will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on the Court's instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless the Court tells you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until the Court gives you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in this case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the Court immediately.

**INSTRUCTION NO. _11_**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.  The Court urges you to pay close attention to the testimony as it is given.

**INSTRUCTION NO.** _12_

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO.** _13_

From time to time during the trial, it may become necessary for the Court to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum. The Court may not always grant an attorney's request for a conference.

**INSTRUCTION NO.** __14__

The next phase of the trial will begin shortly.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the Court will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## INSTRUCTION NO. __15__

Members of the jury, now that you have heard all the evidence, it is the Court's duty to instruct you on the law that applies to this case. A copy of these instructions will be available to each of you in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as the Court gives it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything the Court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**INSTRUCTION NO.** _16_

The indictment is not evidence.  The defendant has pled not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

**INSTRUCTION NO.** ___17___

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

**INSTRUCTION NO.** _18_

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**INSTRUCTION NO.** __19__

For reasons that do not concern you, the case against codefendant Travis Sneed is not before you. Do not speculate why. This fact should not influence your verdicts with reference to defendant Samuel Thomas Geren Jones, and you must base your verdicts solely on the evidence against defendant Samuel Thomas Geren Jones.

**INSTRUCTION NO.** _20_

The evidence you are to consider in deciding what the facts are consists of:

    (1)    the sworn testimony of any witness;

    (2)    the exhibits received in evidence; and

    (3)    any facts to which the parties have agreed.

## INSTRUCTION NO. __21__

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any  testimony that the Court has excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when the Court has instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO.** _22_

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 23

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the witness' opportunity and ability to see or hear or know the things testified to;

(2)    the witness' memory;

(3)    the witness' manner while testifying;

(4)    the witness' interest in the outcome of the case, if any;

(5)    the witness' bias or prejudice, if any;

(6)    whether other evidence contradicted the witness' testimony;

(7)    the reasonableness of the witness' testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NO. _24_**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

**INSTRUCTION NO.** _25_

You have heard evidence that Travis Sneed, a witness, is a convicted felon.  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

**INSTRUCTION NO.** 26

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

### INSTRUCTION NO. 27

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## INSTRUCTION NO. 28

The defendant Samuel Thomas Geren Jones is charged in Count One of the indictment with interstate transportation in aid of racketeering enterprises in violation of Section 1952(a)(1) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about December 6, 2007, the defendant used wires in interstate commerce with the intent to promote or carry on wire fraud; and

Second, after doing so the defendant performed an act to distribute the proceeds of the unlawful activity.

# INSTRUCTION NO. 29

The defendant Samuel Thomas Geren Jones is charged in Counts Two through Twenty-Two of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about the dates reflected on the chart listing Counts Two through Twenty-Two, the defendant knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, the wires to carry out or attempt to carry out an essential part of the scheme.


In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

| Count | Date | Amount of Transfer | Transferred To | Account Name |
|---|---|---|---|---|
| Two | 12/07/07 | $85,000.00 | Inland N.W. Bank | Thomas G. Jones |
| Three | 12/19/07 | $18,400.00 | Inland N.W. Bank | Thomas G. Jones |
| Four | 12/28/07 | $12,000.00 | Inland N.W. Bank | Thomas G. Jones |
| Five | 01/07/08 | $43,500.00 | Inland N.W. Bank | Thomas G. Jones |
| Six | 01/22/08 | $80,000.00 | Inland N.W. Bank | Thomas G. Jones |
| Seven | 01/24/08 | $14,000.00 | Inland N.W. Bank | Thomas G. Jones |
| Eight | 02/05/08 | $77,000.00 | Inland N.W. Bank | Thomas G. Jones |
| Nine | 03/03/08 | $80,000.00 | Inland N.W. Bank | Thomas G. Jones |
| Ten | 04/07/08 | $20,000.00 | Inland N.W. Bank | Thomas G. Jones Prestige Reality |
| Eleven | 04/30/08 | $12,000.00 | Inland N.W. Bank | Thomas G. Jones Prestige Reality |
| Twelve | 05/16/08 | $ 1,500.00 | Inland N.W. Bank | Thomas G. Jones |
| Thirteen | 05/20/08 | $ 6,500.00 | Inland N.W. Bank | Thomas G. Jones |
| Fourteen | 05/29/08 | $ 6,592.97 | Inland N.W. Bank | Thomas G. Jones |

| Count | Date | Amount of Transfer | Transferred to Bank of America - Account Name |
|---|---|---|---|
| Fifteen | 08/11/08 | $10,000.00 | Tommy G. Jones, E-Trade Plus, Inc. |
| Sixteen | 08/26/08 | $45,000.00 | Tommy G. Jones, E-Trade Plus, Inc. |
| Seventeen | 09/11/08 | $47,585.00 | Tommy G. Jones, E-Trade Plus, Inc. |
| Eighteen | 09/11/08 | $46,994.00 | Tommy G. Jones, E-Trade Plus, Inc. |
| Nineteen | 10/01/08 | $ 6,000.00 | Tommy G. Jones, E-Trade Plus, Inc. |
| Twenty | 10/17/08 | $15,000.00 | Tommy G. Jones, E-Trade Plus, Inc. |
| Twenty-one | 10/22/08 | $ 5,000.00 | Tommy G. Jones, E-Trade Plus, Inc. |
| Twenty-two | 10/30/08 | $ 1,900.00 | Tommy G. Jones, E-Trade Plus, Inc. |

# INSTRUCTION NO. *30*

Use of the wires means a communication by wire, radio or television. It is not required that the Defendant actually used a wire communication in interstate commerce or that the Defendant even intended that anything be transmitted in interstate commerce by means of a wire. Use of the wires occurs when one knows that the wires will be used in the ordinary course of business or when one can reasonably foresee such use.

The information wired need not itself be false or deceptive so long as the use of the wires in interstate commerce furthered, or advanced, or carried out, in some way, the scheme or plan to defraud or the scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

**INSTRUCTION NO.** _31_

If you decide that the defendant was a member of a scheme to defraud and that the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

INSTRUCTION NO. _32_

A defendant may be found guilty of interstate transportation in aid of racketeering and wire fraud, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, interstate transportation in aid of racketeering and wire fraud was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of interstate transportation in aid of racketeering and wire fraud; and

Third, the defendant acted before the crime was completed. It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit interstate transportation in aid of racketeering and wire fraud.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**INSTRUCTION NO. _33_**

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1.    was aware of a high probability that fraud was taking place, and

2.    deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that it was legitimate business, or if you find that the defendant was simply careless.

**INSTRUCTION NO.** 34

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**INSTRUCTION NO.** 35

The indictment charges that the offense was committed on or about a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged.

**INSTRUCTION NO.** 36

An intent to defraud is an intent to deceive or cheat.

**INSTRUCTION NO.** *31*

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. ___38___

Because you must base your verdict only on the evidence received in the case and on these instructions, the Court reminds you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the Court immediately.

## INSTRUCTION NO. _39_

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NO.** _40_

The punishment provided by law for this crime is for the Court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. _41_

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should  complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**INSTRUCTION NO.** 42

If it becomes necessary during your deliberations to communicate with the Court, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and the Court will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, the Court will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the Court—how the jury stands, numerically or otherwise, on any question  submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.