**SIEBE LAW OFFICES PLLC**
JAMES E. SIEBE, ISBN 2362
202 E. Second Street
P.O. Box 9045
Moscow, ID 83843
Telephone: (208) 883-0622
Facsimile:  (208) 882-8769

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  CR-2010-180-N-EJL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT** |
| | ) | **OF JUDGMENT OF AQUITTAL** |
| SAMUEL THOMAS GEREN JONES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Defendant, SAMUEL THOMAS GEREN JONES, by and

through his attorney of record, and presents this Memorandum as regards his Motion

for Judgment of Acquittal.

### STATEMENT OF FACTS

Defendant Jones was convicted after trial of one (1) count of Racketeering and

nineteen (19) counts of Wire Fraud. More specifically, Counts fifteen (15) through

twenty two (22) dealt with allegations of wire fraud involving computer and monitor

equipment sold over the internet. Co-Defendant Travis Sneed previously pled guilty to

counts one (1), seventeen(17), eighteen(18), and twenty(20) of the same Indictment

(Defendants were co-indicted on the same charges). Counts seventeen (17), eighteen(18) and twenty(20) were the original wire fraud allegations dealing with internet fraud concerning computers and monitors sold over the internet. Said Plea Agreement is sealed, but counsel believes that the Court can take judicial notice of the same. Counsel attempted to introduce said plea agreement at trial, but such attempt was rebuked by the Court.

More particularly the Plea Agreement specified, (in the Factual Basis , page 4, last paragraph) "in order to obtain more money in the summer of 2008, Travis Sneed, using Thomas Jones' devised a scheme to make money on the internet by purchasing and selling computer components." The balance of that part of the agreement through the conclusion of page 5 clearly sets forth that Travis Sneed acted as Thomas Jones in defrauding the individuals over the internet. Testimony and evidence in the trial did not show any knowledge by Jones as to the dealings with Sneed. The only remote reference to knowledge of anything was after Defendant Jones learned that Tru Electronics had made demand for some amounts through E-Trade Plus and after a default judgment had been entered against Jones by Tru Electronics. The Government presented testimony by and through an F.B.I. agent trying to interpret various e-mails sent back and forth from Travis Sneed to Thomas Jones, but none of the communications with the parties defrauded, over the internet were initiated by Jones, nor originated with Jones' email account.

In other words, it is clear from the plea agreement and testimony by Travis Sneed that he accepted responsibility, solely, for the fraud perpetrated over the internet in the context of the computer equipment. Nevertheless, the Government, by virtue of the F.B.I. testimony as well as argument, attempted to and apparently convinced the jury that, contrary to the provisions of the plea agreement, Samuel Thomas Geren Jones was, in fact, part and parcel or involved with the fraudulent internet activity in counts seventeen (17) through twenty two (22).

## ISSUE PRESENTED

Did the Government deny Defendant, Samuel Thomas Geren Jones, Due Process pursuant to Fifth and Fourteenth Amendments of the Constitution of the United States by executing a written plea agreement with co-Defendant Travis Justin Sneed wherein he acknowledged responsibility for committing such acts, posing as Samuel Thomas Geren Jones, yet presenting a theory and arguing at trial that Samuel Thomas Geren Jones was part and parcel of said misrepresentation.

## ARGUMENT

There are very few cases specifically addressing the denial of Due Process in such a context. The principal case appears to be a Ninth Circuit case (overturned on other grounds) entitled *Thompson v. Calderon*, 120 Fed.3rd 1045, (9thCir.App., 1997). Therein the Court granted relief in *habeas corpus* that the prosecutor used fundamentally inconsistent theories at Thompson's and Co-Defendant Leitch's

trials. The 9th Circuit reversed on those grounds (page 43).

One can easily understand the reluctance of appellate courts to find denials of Due Process in cases where a co-Defendant may have been acquitted, given the standards of proof and various difficulties that can arise in the course of separate trials. However, where the Government induced Mr. Sneed to plead guilty and to acknowledge responsibility as clearly set forth in the plea agreement, it should be estopped from claiming that Defendant Jones was in any way responsible for said conduct. While Sneed did not plead guilty to all of the internet fraud counts, the proof for the same was very similar, and particularly given Sneed's and Defendant Jones' testimony, and the paucity of any testimony directly linking Jones to the fraud means that Jones should be acquitted of counts fifteen (15) through twenty two (22) by virtue of the Due Process Clause, as referenced above.

## CONCLUSION

Wherefore, Defendant respectfully submits that the Court should aquit him of all counts of the Indictment. Defendant does not submit any additional argument as regards Counts one (1) through nine (9) and twelve (12) through fourteen (14). However, as regards counts, Defendant believes that the inconsistent theories put

forth by the Government warrant acquittal on Due Process grounds.

SUBMITTED this _____ day of August, 2012.

Respectfully submitted,

JAMES E. SIEBE
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of August, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System which sent a Notice of Electronic Filing to the Registered Participants as well as faxed said document to Registered participants on file in this matter.

For the Government:     Nancy D. Cook