WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
NANCY D. COOK, TEXAS STATE BAR NO. 04741500
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE, SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE:  (208) 667-0814

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 10-CR-00180-N-EJL |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S RESPONSE TO** |
| vs. | ) | **THE DEFENDANT'S MOTION** |
| | ) | **FOR A JUDGMENT OF ACQUITTAL** |
| SAMUEL THOMAS GEREN JONES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America, by and through the United States Attorney, Wendy J. Olson, and the undersigned Assistant United States Attorney for the District of Idaho, submits this response to the defendant's motion for a judgment of acquittal.

## STATUS OF THE CASE AND PROCEDURAL HISTORY

The defendant and his co-defendant, Travis Sneed, were indicted on July 20, 2010, with one count of interstate transportation in aid of racketeering enterprises and twenty-one counts of wire fraud.  Both defendants were released after their initial appearance and arraignment, on August 9, 2010.  On October 28, 2010, a pretrial release petition was filed against Travis Sneed and he was arrested.  Defendant Sneed was detained after a hearing on November 15, 2010.  On

March 21, 2011, defendant Sneed pleaded guilty to counts one, seventeen, eighteen, and twenty of the indictment.  On August 9, 2011, defendant Sneed was sentenced to sixty months incarceration on count one and sixty-three months for counts seventeen, eighteen, and twenty. All terms of incarceration are to be served concurrently, followed by three years of supervised release. Restitution was ordered in the amount of $732,580.29.  Defendant Sneed appealed his sentence.  On April 9, 2012, the Ninth Circuit Court of Appeals issued their order agreeing with the Government's argument that defendant Sneed waived his right to appeal his sentence in his plea agreement and his conviction was affirmed.  On December 26, 2011, defendant Jones retained new counsel, James Siebe.  Mr. Siebe filed two motions to continue.

The jury trial commenced on July 17, 2012, and the jury returned its verdicts of guilty on counts one, two through nine, and twelve through twenty-two, on July 26, 2012.  Defendant Jones' sentencing is scheduled for October 5, 2012 at 9:00 a.m.

The defendant filed a motion for judgment of acquittal on August 9, 2012, and a memorandum in support of the motion on August 20, 2012.

## **DEFENDANT'S ARGUMENT**

The defendant claims that the evidence presented to the jury was insufficient to sustain the counts of conviction.  The defendant also claims due process violations because "the Government induced Mr. Sneed to plead guilty and to acknowledge responsibility as clearly set forth in the plea agreement, [the Government] should be estopped from claiming that defendant Jones was in any way responsible for said conduct."

**GOVERNMENT'S RESPONSE**

    A.    <u>Sufficiency of the Evidence</u>.

Federal Rule of Criminal Procedure 29(c) governs the timing and ruling for a motion for acquittal or a judgment not withstanding the verdict. Defendant Jones timely filed his motion within the allotted 14 days. FED. R. CRIM. P. 29(c)(1). The defendant claims the jury was presented insufficient evidence to find him guilty. The test for sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Odom*, 329 F.3d 1032, 1034 (9th Cir. 2003); *United States v. Weber*, 320 F.3d 1047, 1050 (9th Cir. 2003). When a claim of sufficiency of the evidence is preserved by making a motion for acquittal at the close of the evidence, this Court reviews the district court's denial of the motion *de novo*. *See United States v. Carranza,* 289 F.3d 634, 641 (9th Cir.), *cert. denied*, 537 U.S. 1037 (2002).

The jury heard testimony from sixteen witnesses called by the Government and had over 100 exhibits to consider when finding its verdicts. The evidence established beyond a reasonable doubt that defendant Jones aided and abetted in the transportation in aid of racketeering enterprises charged in count one, and that he also aided and abetted in the wire transfers for which he was found guilty. The jury was presented an extensive amount of evidence of the defendant's relationship with his co-defendant. Defendant Jones' bank records revealed that most of the misappropriated funds went through bank accounts that he controlled. The email correspondence between the defendants demonstrated the amount and type of information that was shared between them. The evidence demonstrated that the defendants worked together in

their legal and illegal enterprises. During the trial, both defendants Sneed and Jones testified. The jury had the opportunity to listen to them and measure their testimony in conjunction with all the other evidence. The evidence supported the jury's verdicts.

  B. <u>Due Process Allegation</u>.

  The Government has a duty to justly convict defendants. A prosecutor violates the Due Process Clause if he or she knowingly presents false testimony, fails to correct evidence he or she knows to be false, or tailors a theory of prosecution that differs between defendants. *See Thompson v. Calderon*, 120 F.3d 1045, 1058-1059 (9th Cir. 1997). In the case at bar, the Government maintained a consistent theory throughout the prosecution of defendants Sneed and Jones. The Government has neither offered inconsistent theories or facts regarding the same crime, nor has the Government presented false testimony. *Id.* Defendant Jones relies on the factual basis in defendant Sneed's plea agreement when he makes his allegation of a due process violation. The factual basis for Sneed's plea agreement does not address Jones' actions in the criminal activities charged. The factual basis supports the counts of conviction for Mr. Sneed, as required by law. Federal Rules of Criminal Procedure 11(b)(3) states "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." There is no requirement that the Government present all facts known, or any facts regarding other individuals charged within the same indictment.

  As mentioned above, the Government and the defendant each presented their cases to the jury. The Government presented sixteen witnesses and hundreds of pages of exhibits. Included in the exhibits were bank accounts under defendant Jones' control. Defendant Jones' bank account revealed that defendant Jones controlled the bulk of the proceeds from Dawn Forest's

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR JUDGMENT OF ACQUITTAL - 4

loan and all the moneys from the computer fraud scheme. The defendants were charged as aiders and abetters for each other, as the evidence and testimony supported. The Government did not violate defendant Jones' due process.

## CONCLUSION

The Government requests the Court to deny defendant Jones' motion for acquittal or motion for judgment not withstanding the verdict because there was ample evidence to support the jury's verdict and because the Government did not violate defendant Jones's right to due process.

RESPECTFULLY submitted this 27th day of August, 2012.

WENDY J. OLSON
United States Attorney
By:

_____
/s/NANCY D. COOK
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 27, 2012, the foregoing Government's response to the defendant's motion for acquittal was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

James Siebe

And, I hereby certify that the following listed non-registered CM/ECF participants were served by:

☐ United States Mail, postage prepaid
☐ Hand-delivery
☐ Facsimile transmission (fax)

_____
/s/Nancy D. Cook